# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID L. ALEXANDER, et al.,

    Plaintiffs,

v.

ONEWEST BANK FSB, et al.,

    Defendants.

2:12-CV-968 JCM (RJJ)

## ORDER

Presently before the court are plaintiffs David L. Alexander, et. al.'s motion for preliminary injunction (doc. #13) and emergency motion to shorten time on motion for preliminary injunction (doc. #15).

Plaintiffs note that there is a hearing scheduled in state justice court on August 7, 2012, at 1:00 p.m. on an order to show cause why a writ of restitution should not be entered. (Doc. #13). Plaintiffs assert that this court should hear the merits of their case before they are removed from the property at 170 Siddall, Las Vegas, Nevada. Thus, the motion for preliminary injunction requests the following relief: (1) for "a preliminary injunction as to any further proceedings in justice court or elsewhere or until the matter can be heard on its merits by this court;" (2) for this court "to assume jurisdiction of the justice court in the order to show cause initiated by" DeutscheBank; (3) for an order that plaintiffs "be allowed to remain on the Siddall property and conduct their business, subject to a reasonable payment of rent by plaintiffs;" and (4) for such other relief as the court deems just and proper. (Doc. #13).

**James C. Mahan**
**U.S. District Judge**

1   Plaintiffs filed the instant case in state court on March 16, 2012. (Doc. #1, Ex. 2). Plaintiffs further assert that DeutscheBank filed the order to show cause why a writ of restitution should not be entered in justice court on March 28, 2012. (Doc. #13). Plaintiffs did not attach a copy of the order to show cause to the motion for preliminary injunction. Defendant OneWest Bank, FSB removed the case to this court on June 7, 2012. (Doc. #1).

The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings unless one of three exceptions applies: (1) where the injunction is expressly authorized by an act of Congress, (2) where it is necessary in aid of the federal court's jurisdiction, and (3) where an injunction would protect or effectuate the federal court's judgments. *See also United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1014 (9th Cir. 1999). "[I]t has long been held that the first court to exercise jurisdiction over real property is entitled to enjoin proceedings in another court regarding that property." *Id.* However, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed . . . ." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

It is clear that neither the first nor the third exception to the Anti-Injunction Act applies in this case. Plaintiffs have not pointed to any act of Congress that would authorize this court to enjoin the state court proceedings. (Doc. #13). Further, this court has not entered a judgment in the instant case, so there is no judgment from this court which an injunction could protect or effectuate. *See Brother Records, Inc. v. Jardine*, 432 F.3d 939, 942 (9th Cir. 2005) (stating that this exception is grounded in the concepts of res judicata and collateral estoppel).

Similarly, the court does not have authority to enjoin the state court proceedings under the second exception to the Anti-Injunction Act. Regardless of whether the instant suit is characterized as a proceeding *in rem* or *in personam*, *see Chapman v. Deutsche Bank National Trust Co.*, 651 F.3d 1039, 1044 (9th Cir. 2011) (stating that this is an open question under Nevada law), this court did not assume jurisdiction over the instant case until after the justice court exercised jurisdiction in the order to show cause.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1      This court assumed jurisdiction over the instant lawsuit on June 7, 2012, when OneWest Bank removed the case to this court. *Chapman*, 651 F.3d at 1044 (stating that jurisdiction attaches when defendants filed a notice of removal). In contrast, the justice court first exercised jurisdiction over the order to show cause when DeutscheBank filed the order to show cause on March 28, 2012. *Id.*

    Therefore, the justice court exercised jurisdiction prior to this court's assumption of jurisdiction, and this court does not have the authority to enjoin the state court proceedings regarding this real property. *See Alpine Land & Reservoir Co.*, 174 F.3d at 1014.

    Accordingly,

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs David L. Alexander, et. al.'s motion for preliminary injunction (doc. #13) and emergency motion to shorten time on motion for preliminary injunction (doc. #15) be, and the same hereby are, DENIED.

    DATED August 1, 2012.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -